## DOCK CONTRACTOR CO. v. NIAGARA FALLS POWER CO.

(District Court, W. D. New York. February 14, 1922.)

No. 1845.

1. **Pleading ⊕=49—Cause. of action on quantum meruit held not changed to action on contract by allegations.**

The essential character of the action under a complaint seeking to recover on quantum meruit for work, labor, and materials, and for the reasonable monthly rental for plant and use of tools and appliances, was not changed or converted into an action for rescission of contract or for recovery of profits and damages for breach of an express contract by alleging the making of a contract in form which did not meet with the assent of the plaintiff, or by recitals of facts tending to show material alterations in the contract by defendants.

2. **Work and labor ⊕=22—Allegations relating to mistake and fraud not objectionable in action in assumpsit.**

Allegations, in a complaint to recover on quantum meruit for reasonable value of work, labor, and materials furnished, of mistake, fraud, and misrepresentation, were not objectionable where they tended to explain the circumstances under which an asserted contract was executed by the plaintiff part performance of work under it, and its nonfulfillment, termination, and discontinuance.

3. **Courts ⊕=347—Subordinate provision of state statutes not followed in federal court.**

Under Rev. St. § 954 (Comp. St. § 1591), a subordinate provision in a state Code relating to pleading need not be followed by the federal District Court, where, if applied, it would deprive plaintiff from giving essential evidence at the trial.

At Law. Action by the Dock Contractor Company against the Niagara Falls Power Company. On motion to require plaintiff to make complaint more definite and certain and to strike out irrelevant allegations. Motion denied.

See, also, 274 Fed. 852.

Griggs, Baldwin & Baldwin, of New York City (Adelbert Moot, of Buffalo, N. Y., and Peter F. McAllister, of New York City, of counsel), for plaintiff.

Cohn, Chormann & Franchot, of Niagara Falls, N. Y. (Edward F. Franchot, of Niagara Falls, N. Y., of counsel), for defendant.

HAZEL, District Judge. [1] 1. The complaint alleges causes of action to recover on quantum meruit for the reasonable value of work, labor, and materials furnished to the predecessor of the defendant company, and for the reasonable monthly rental for plant and for use of tools and appliances. The essential character of the action is not changed or converted into an action for rescission of contract or for recovery of profits and damages for breach of an express contract by alleging the making of a contract in form—a contract which did not, as alleged, meet with the assent of the plaintiff Dock Contractor Company, or by any recital of facts tending to show material alterations in the contract by defendant, from which it may be determined that for the work partly performed plaintiff is entitled to compensation on a basis of reasonable value. There are, it is thought, unnecessary recitals and sur-

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plusage in the complaint; for example, pages 13 and 14, specifying the profits which the assignee of plaintiff would have made. But that is not believed sufficient ground for striking out, since it is not perceived that such matters are likely to interfere with the rights of the defendant, or preclude any evidence in opposition it may wish to offer at the trial. The recitals of facts apparently have substantial relation to the issues and therefore may be pleaded. Indeed, in view of the rather unusual circumstances, it was perhaps necessary to set out the facts with more than ordinary detail in support of the theory of the pleader, to wit, that the written contract of June 29, 1918, between the parties as to the amount of work to be done subsequently became a nullity because of the acts of the defendant company and because of the taking of the plant, tools, and material, the basis of recovery sought is the reasonable value of the work done and of the use of the instrumentalities.

[2] 2. Nor is the allegation relating to mistake, fraud, and misrepresentation objectionable, since it tends to explain the circumstances under which the asserted contract was executed by the plaintiff, the part performance of work under it, and its nonfulfillment, termination, and discontinuance.

[3] 3. The second cause of action, properly interpreted, does not allege separate causes of action. Reference to the contract is made necessary by the facts disclosing the manner in which the defendant obtained the plant and tools and appliances for doing the work. Defendant, to sustain its motion, relies on the Code of Civil Procedure and interpretative decisions; but the state law, conceding its application in the state court, need not it seems to me be followed by this court, since the rule relating to pleading is a subordinate provision which may, if applied here, deprive plaintiff of giving essential evidence at the trial. See section 954, R. S. (Comp. St. § 1591), and Southern Oil Corp. v. Waggoner (C. C. A.) 276 Fed. 487.

The motion of the defendant is denied.