**EBSARY v. RAYMOND & WHITCOMB CO. (two cases).**

(District Court, W. D. New York. February 13, 1924.)

Pleading ☞193(6)—Under New York practice, demurrer does not lie for misjoinder of causes.

Under Civil Practice Act N. Y. § 277, abolishing demurrers in actions at law, which governs in the federal courts in that state under the conformity statute (Rev. St. § 914 [Comp. St. § 1537]), a demurrer does not lie for misjoinder of causes of action.

See, also, 300 Fed. 686.

Harlan W. Rippey, of Rochester, N. Y. (Martin Clark, of Buffalo, N. Y., of counsel), for plaintiffs.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (Thomas R. Wheeler, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. Section 954, U. S. R. S. (Comp. St. § 1591), does not in terms require interposition of a demurrer to raise questions in an action at law of sufficiency of the complaint. The provision, it is true, substantially states that judgment shall be given without regard to any defect or want of form "except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof"; but this is not an authorization of demurrers, but merely a recognition of such form of pleading. Demurrers have been abolished in equity in this court, and on the law

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

side the practice is governed and controlled by the Conformity Act. Section 914, U. S. R. S. (Comp. St. § 1537); Jack v. Armour (C. C. A.) 291 Fed. 741; Hoffman v. American Mills (C. C. A.) 288 Fed. 768. Under section 277 of the Civil Practice Act of this state the demurrer in legal actions is abolished, and it is provided that objections to a pleading to a point of law may be taken by motion for judgment. In view thereof, no authority exists for allowing a demurrer because causes of action have been improperly joined or united. The remedy for relief must be sought in a motion to correct the pleadings under rule 102 of the Rules of Civil Practice.

Although this determination renders it unnecessary to pass on any other question presented, still, since I have investigated the point, I do not mind stating that I think the objection to the complaint is not well taken, and that two or more causes of action are not improperly united. See section 258, subds. 1–9, Civil Practice Act. Though the complaint in one instance uses the word "fraud," and in another place states that slanderous language was used in the presence of other passengers, and that defendant suffered humiliation, I think these references do not conceal the real purpose of the complaint, namely, to simply allege a breach of contract and resultant damages. All these phrases, as I read the complaint, are perhaps surplusage and irrelevant, but they may bear on the alleged breach of contract, and may have been incidents arising in connection therewith. See Dock Co. v. Niagara Falls P. Co. (D. C.) 280 Fed. 122. A bill of particulars, of course, would fully apprise the defendant of the specific manner in which the contract was broken and of what the insults and humiliation, to which reference is made, consists, or, indeed, if defendant feels aggrieved, it may move to strike out irrelevant or redundant matter.

The motion is granted, but defendant has leave to answer within 10 days.